IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| A CATHOLIC HIGH SCHOOL FOR AUSTIN, INC. d/b/a ST. MICHAEL'S CATHOLIC ACADEMY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:16-CV-791-RP |
| TYCO FIRE PRODUCTS LP, | § § § | |
| Defendant and Third-Party Plaintiff, | § § § | |
| v. | § § | |
| NORTHSTAR ALARM & SUPPRESSION SYSTEM, LLC d/b/a NORTHSTAR FIRE PROTECTION OF TEXAS, INC. and SOUTHSTAR FIRE PROTECTION COMPANY d/b/a NORTHSTAR FIRE PROTECTION OF TEXAS, INC., | § § § § § § § | |
| Third-Party Defendants. | § § | |

## ORDER

Before the Court in the above-entitled action is Third-Party Defendant Southstar Fire Protection Company's Motion to File its First Amended Answer and Counterclaim. (Dkt. 36). Having considered the motion and responses thereto, relevant law, and the entire case file, the Court hereby enters the following Order.

## I. BACKGROUND

Plaintiff A Catholic High School for Austin, Inc. (d/b/a St. Michael's Catholic Academy) alleges property damage related to a sprinkler-system failure on August 18, 2014. (Original Pet., Dkt. 1-2, ¶ 7–8). The sprinklers were manufactured by Defendant Tyco Fire Products ("Tyco"), (*id.* ¶ 9), and installed and serviced by Third-Party Defendant Southstar Fire Protection Company (d/b/a Northstar Fire Protection of Texas, Inc) ("Southstar"). (Am. Third-Party Compl., Dkt. 25, ¶ 8–9).

1

Plaintiff filed suit against Defendant in state court on May 27, 2017. (Dkt. 1-2). Tyco removed the action to federal court on June 27, 2016. (Dkt. 1). In an Amended Third-Party Complaint filed December 22, 2016, Tyco added claims against Southstar Fire Protection Company (d/b/a Northstar Fire Protection fo Texas, Inc) ("Southstar"). (Dkt. 25). Southstar filed an Answer on January 11, 2017. (Dkt. 27).

Southstar filed the instant motion, through which it seeks leave to file its First Amended Answer and Counterclaim, on March 16, 2017. (Dkt. 36). Specifically, Southstar seeks to add a statutory claim and defense against Tyco pursuant to Section 82.002 of the Texas Civil Practice and Remedies Code. (*Id.* at 2–3). Tyco objects that amendment would be futile and should therefore be denied. (Response, Dkt. 37, at 2).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading as a matter of course if it does so within 21 days of first serving the pleading in question. Fed. R. Civ. P. 15(a)(1)(A). Once outside that window, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

However, the decision to grant leave to amend is not automatic and is within the sound discretion of the trial court. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002). Futility of amendment is a substantial reason. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted such that it would be subject to dismissal. *Id.* at 873.

2

## III. DISCUSSION

Tyco's claims against Southstar arise from Southstar's own alleged negligent performance of services. (Am. Third-Party Compl., Dkt. 25, ¶¶ 8–13). As a result, Tyco argues, Southstar's attempt to seek indemnification pursuant to Section 82.002 of the Texas Civil Practice and Remedies Code ("Section 82.002") is "not germane to the actual claims at issue, would be futile, and should be denied." (Resp., Dkt. 37, at 2).

Section 82.002 provides that "a manufacturer's duty to indemnify under Chapter 82 is established when the plaintiff is a seller, the party the plaintiff seeks indemnification from is a manufacturer, and the underlying litigation, in which the seller has incurred a loss, is a products liability action." Tex. Civ. Prac. & Rem. Code § 82.002. A "products liability action" is statutorily defined as a lawsuit for:

> recovery of damages arising out of personal injury, death or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

*Id.* § 82.001(2).

Tyco asserts Southstar cannot establish it incurred "a loss arising from a products liability action" because Southstar "has not been and is not involved in an underlying products liability action." (Resp., Dkt. 37, at 4). Rather, "Southstar's liability stems from its own negligent acts in installing, inspecting, and/or servicing the fire-suppression system and/or the subject sprinkler head." (*Id.*). Tyco claims Southstar "failed to exercise due care [in] maintaining, transporting, installing, designing, testing, modifying, inspecting, and/or servicing" a fire-suppression sprinkler system. (Am. Third-Party Compl., Dkt. 25, ¶ 10).

However, as Southstar correctly notes, "a manufacturer's duty to indemnify arises from the injured claimant's pleadings alone." *FLS Miljo, Inc. v. Munters Corp.*, 682 F.Supp.2d 681, 688 (N.D. Tex. 2010) (citing *Gen. Motors Corp. v. Hudiburg Chevrolet, Inc.*, 199 S.W.3d 249, 256 (Tex. 2006); Tex.

3

Civ. Prac. & Rem. Code § 82.002(e)(1)). An adjudication of the manufacturer's liability is unnecessary. *Id.*; *see also Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 88 (Tex. 2001) (noting that the text of Section 82.002 "suggest[s] that we are to include all direct allegations against the seller that relate to [the] plaintiff's injury as part of the 'products liability action'").

Here, Southstar is a seller seeking indemnification from Tyco, a manufacturer, and the injured claimant's pleadings—Plaintiff's suit against Tyco—is a products liability action for purposes the Texas Civil Practices and Remedies Code. (Original Pet., Dkt. 1-2); Tex. Civ. Prac. & Rem. Code § 82.001(2). Tyco has therefore failed to show that Southstar's proposed amendment would be futile, and the Court seeks no substantial reason to deny Southstar the relief it seeks.

## IV. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that Third-Party Defendant Southstar Fire Protection Company's Motion to File its First Amended Answer and Counterclaim, (Dkt. 36), is hereby **GRANTED**.

**SIGNED** on May 1, 2017.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4